dence. Nor is there any diligence shown on the part of appellant to locate the witness. No application for a continuance was made to secure the attendance of the witness. Hence, no reversible error is reflected by the bill.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

indictment is sufficient to charge the offense and all procedural matters appear to be in due order.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## REYNOLDS v. STATE.
### No. 20255.

Court of Criminal Appeals of Texas.
March 22, 1939.

Joe Harlan and W. H. Brian, both of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is rape; punishment assessed is confinement in the state penitentiary for a term of 99 years.

The record is before us without a statement of facts or bills of exceptions. The

## BURNETT v. STATE.
### No. 20303.

Court of Criminal Appeals of Texas.
March 22, 1939.

H. S. Lilley, of Cold Springs, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

The appellant herein was convicted of robbery with firearms, and his punishment assessed at five years' confinement in the penitentiary.

The record contains neither a statement of facts nor bills of exception, hence no question is presented for review. All matters of procedure appearing regular, the judgment will be affirmed.